**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re* LIBORIOUS IHECHERE AGWARA, <br><br> Debtor. <br><br> LIBORIUS IHECHERE AGWARA, <br><br> Appellant, <br><br> vs. <br><br> KELECHI AGWARA and VICTORIA L. NELSON, <br><br> Appellees. | Bankr. No. 13-bk-17576-BTB <br><br> 2:15-cv-01544-RCJ <br><br> **OPINION AND ORDER** |

This case is an appeal of a final order of the Bankruptcy Court granting Appellee Kelechi Agwara's motion to approve a family court divorce decree and comfort order. Appellee also moves the Court to expunge lis pendens (ECF No. 19), which Appellant moves to strike (ECF No. 21).

**I.  FACTS AND PROCEDURAL HISTORY**

On May 23, 2012, Appellant Liborius Ihechere Agwara ("Appellant") filed a complaint for divorce in state court. On September 4, 2013, Appellant filed a voluntary bankruptcy petition under Chapter 13. (*See* Pet., ECF No. 1 in Bankr. No. 13-17576). Appellant and Appellee Kelechi Agwara (Appellant's ex-wife) ("Appellee") filed a stipulation for relief from the

1

1 | automatic stay so the Family Court could adjudicate family law issues, including a division and
2 | award of property and assets that were property of the estate. (*See* Stipulation, ECF No. 59 in
3 | Bankr. No. 13-17576). The Bankruptcy Court approved the stipulation on December 3, 2013.
4 | (*See* Order, ECF No. 67 in Bankr. No. 13-17576). On December 4, 2013, the Bankruptcy Court
5 | granted Appellant's motion to convert the case to a Chapter 11 case. (*See* Order, ECF No. 70 in
6 | Bankr. No. 13-17576). On May 6, 2014, the Bankruptcy Court appointed Victoria Nelson as a
7 | Chapter 11 trustee for Appellant's bankruptcy estate. (*See* Order, ECF No. 183 in Bankr. No. 13-
8 | 17576). On July 14, 2014, the Bankruptcy Court granted Nelson's motion to convert the case to a
9 | Chapter 7 case. (*See* Order, ECF No. 219 in Bankr. No. 13-17576).

On March 25, 2015, the Family Court entered a divorce decree awarding to Appellant a net value of assets totaling $1,820,446.00 and to Appellee $307,965.00, with an equalization award of $756,240.00 to Appellee. (Divorce Decree, 9–11, ECF No. 376-1 in Bankr. No. 13-17576). On July 1, 2015, the Bankruptcy Court approved a stipulation between Trustee Nelson and Appellee requiring Nelson to abandon the bankruptcy estate's interest in the property awarded to Appellee in the divorce decree, including value Appellant has claimed as exempt from the estate. (*See* Order, ECF No. 394 in Bankr. No. 13-17576). On July 30, 2015, the Bankruptcy Court granted Appellee's Motion for Bankruptcy Court Approval of the Family Court Divorce Decree and Comfort Order to Collect Upon Exempt and Abandoned Assets. (*See* Order, ECF No. 479 in Bankr. No. 13-17576). The order required Appellant to turn over the abandoned property, including any exempt value, to Appellee. (*Id.*). Appellant filed an appeal of that order in this Court on August 12, 2015. (*See* Notice of Appeal, ECF No. 1; ECF No. 505 in Bankr. No. 13-17576).

///

## II. BANKRUPTCY APPEAL

### A. Standard of Review

A bankruptcy court's conclusions of law, including its interpretations of the bankruptcy code, are reviewed de novo, and its factual findings are reviewed for clear error. *See Blausey v. U.S. Trustee*, 552 F.3d 1124, 1132 (9th Cir. 2009). A reviewing court must accept the bankruptcy court's findings of fact unless it is left with the definite and firm conviction that a mistake has been committed. *See In re Straightline Invs., Inc.*, 525 F.3d 870, 876 (9th Cir. 2008).

### B. Analysis

The Court affirms the Bankruptcy Court's order requiring Appellant to turn over to Appellee the property awarded to her in the divorce decree. In his opening brief, Appellant essentially makes three arguments for reversing the Bankruptcy Court's order: (1) the Bankruptcy Court failed to determine whether the debts in the divorce decree were non-dischargeable; (2) the Bankruptcy Court erred by approving the divorce decree, including requiring Appellant to transfer to Appellee exempt and abandoned assets; and (3) the Bankruptcy Court "[c]reated a superpriority class of creditor consisting of one Creditor—Kelechi Agwara," (Appellant's Opening Br., 9–10, ECF No. 9).

#### 1. Determination of Dischargeability

Appellant argues the Bankruptcy Court's order should be reversed because the Court failed to determine whether the specific debts in the divorce decree were non-dischargeable. The Bankruptcy Court was not required to make a debt-specific dischargeability determination because the bankruptcy code clearly makes debt from a divorce decree non-dischargeable:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . to a . . . former spouse . . . incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or

> a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15). Appellant owes a debt to his former spouse as part of a divorce decree issued by a state court in accordance with state law. The Bankruptcy Court did not err on this issue.

### 2. Approval of the Divorce Decree

Appellant argues the Bankruptcy Court erred by approving the divorce decree, including requiring Appellant to transfer to Appellee exempt and abandoned assets. He also argues that "the Trustee has no role to play regarding exempt assets." (Appellant's Opening Br., 15). The Bankruptcy Court did not err by approving the divorce decree. The Court lifted the automatic stay so the Family Court could adjudicate the divorce and property division. The Family Court then awarded to Appellee the property at issue here. The Bankruptcy Court then enforced its own ruling—that the Family Court could adjudicate the divorce and property division—by approving the divorce decree. *See* 28 U.S.C. § 1651 ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

To facilitate its approval of the divorce decree, the Bankruptcy Court then approved the stipulation requiring the trustee to abandon the bankruptcy estate's interest in the property awarded to Appellee in the divorce decree. Nothing prevents the Bankruptcy Court from using an abandonment order or the trustee's services to carry out the Court's duties. *See Catalano v. C.I.R.*, 279 F.3d 682, 687 (9th Cir. 2002) ("the bankruptcy court may issue an abandonment order in a bankruptcy proceeding that involves issues other than abandonment, such as automatic stay litigation"). Abandoning the assets identified in the divorce decree freed those assets from

claims by other creditors, allowing the Court to enforce the divorce decree which created for Appellant non-dischargeable debt.[1]

Appellant argues the Bankruptcy Court should not have turned over to Appellee the exempt or abandoned assets because those assets return to him as the debtor. Although exempt and abandoned assets return to the debtor, here the Bankruptcy Court enforced the state divorce decree which required those assets, including those exempted and abandoned, to be awarded to Appellee, in fulfillment of Appellant's non-dischargeable debt.[2] Appellant received full due process in state court. He is not challenging the validity of the divorce decree. The Bankruptcy Court rightly "avoid[ed] incursions into family law matters" by approving the Family Court's decree. *In re Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985) ("It is appropriate for bankruptcy

---

[1] Appellant argues the Bankruptcy Court erred by transferring the abandoned property to his ex-wife instead of to pre-petition creditors. In reality, the Court was simply enforcing the divorce decree. Further, Appellant likely does not have standing to raise this argument on appeal. "'To have standing to appeal a decision of the bankruptcy court, an appellant must show that it is a person aggrieved who was directly and adversely affected pecuniarily by an order of the bankruptcy court.'" *In re Popp*, 323 B.R. 260, 265 (B.A.P. 9th Cir. 2005) (quoting *McClellan Fed. Credit Union v. Parker (In re Parker)*, 139 F.3d 668, 670 (9th Cir.1998) (internal quotations omitted). "A 'person aggrieved' is someone whose interest is directly affected by the bankruptcy court's order, either by a diminution in property, an increase in the burdens on the property, or some other detrimental effect on the rights of ownership inherent in the property." *Id.* (quoting *In re Fondiller*, 707 F.2d 441, 442–43). Although Appellant has standing to appeal the order as a whole, he is not directly or adversely affected by whether Appellee has priority to obtain the estate's assets before other creditors. Only creditors, not the debtor, have a pecuniary interest in a dispute regarding priority, especially when a trustee is appointed to manage the estate.

[2] Appellant quotes *In re Graziadei*, 32 F.3d 1408 (9th Cir. 1994) to argue the Bankruptcy Court should not have turned over the exempted portion of his "homestead" to his ex-wife. Although the Ninth Circuit held that "a bankruptcy court has no jurisdiction over homestead property and that such property cannot be administered by the bankruptcy court," *id.* at 1410 (quotations omitted), the Court also noted that *In re Graziadei* involved payments to an attorney for fees and costs rather than to an ex-spouse. *Id.* at 1410, n.4. It further noted that "the Nevada Supreme Court held that a debtor is barred from using the homestead exemption as a defense against making support payments to an *ex-spouse*" because "the homestead exemption's very purpose was to support *family members* of the debtor." *Id.* at 1410 (citing *Breedlove v. Breedlove*, 691 P.2d 426 (1984)) (emphasis in original). The same rationale applies to the property in this case, which Appellant owes to his ex-spouse.

5

courts to avoid incursions into family law matters 'out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters.'" (quoting *In re Graham,* 14 B.R. 246, 248 (Bankr. W.D. Ky. 1981))). The Bankruptcy Court did not err in approving the transfer of property required by the divorce decree, including the exempt and abandoned assets.

### 3. Superpriority Class

Appellant likely has no standing to raise this issue on appeal.[3] Even if he does, his argument fails. The Bankruptcy Court did not create a superpriority class favoring Appellee; rather, the Court merely approved the divorce decree, giving effect to a state court judgment. As described above, the Court's approval of the divorce decree was valid and proper.

The Bankruptcy Court did not err by granting Appellee Kelechi Agwara's Motion for Bankruptcy Court Approval of the Family Court Divorce Decree and Comfort Order to Collect Upon Exempt and Abandoned Assets. This Court affirms the order.

## III. MOTION TO EXPUNGE LIS PENDENS

Appellee offers evidence that Appellant has recorded lis pendens against three properties awarded to her in the divorce decree. She moves the Court to expunge lis pendens as to those properties (ECF No. 19). Appellant moves the Court to strike Appellee's motion as a fugitive document (ECF No. 21).

The Court denies the motion to expunge lis pendens because the Court does not have jurisdiction to hear it. District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1), as well as certain interlocutory orders described in 28 U.S.C. § 158(a)(2). With this motion, Appellee is not

---

[3] *See* Footnote 1.

appealing any order of the bankruptcy court. Moreover, this case involves only the appeal of the order approving the divorce decree. The Court denies the motion to expunge lis pendens, and it denies the motion to strike as moot.

**CONCLUSION**

IT IS HEREBY ORDERED that the order of the Bankruptcy Court is AFFIRMED, and the Clerk shall close the case.

IT IS FURTHER ORDERED that the motion to expunge lis pendens (ECF No. 19) is DENIED.

IT IS FURTHER ORDERED that the Motion to Strike (ECF No. 21) is DENIED as moot.

IT IS SO ORDERED.

DATED: March 30, 2016.

_____
ROBERT C. JONES
United States District Judge